UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | | |
|---|---|---|
| CARL ANTHONY TUCKER | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:06-cv-282 |
| | ) | 3:03-cr-088 |
| | ) | *Phillips* |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Petitioner Carl Anthony Tucker ("Tucker") has filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. For the reasons stated below, the motion will be **DENIED** as time-barred and this action **DISMISSED**.

Tucker pleaded guilty to bank robbery, use of a firearm in a crime of violence, and felon in possession of a firearm. By judgment entered July 5, 2005, Tucker was sentenced to a total term of imprisonment of 262 months. He did not appeal his conviction or sentence. Tucker now alleges he received ineffective assistance of counsel.

Section 2255 provides for a one-year statute of limitation in which to file a motion to vacate sentence. The limitation period generally runs from the date on which the judgment of conviction becomes final. In the event a petitioner does not file a direct appeal, the statute of limitation commences when the time for filing a direct appeal has elapsed. *Sanchez-Castellano v. United States*, 358 F.3d 424 (6th Cir. 2004) ("[A]n unappealed federal criminal judgment becomes final ten days after it is entered, for purposes of the § 2255 statute of limitations, at least where there has been no district court extension of appeal time for good cause or excusable neglect."); *see also United States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002) (footnote omitted) ("because defendant did not pursue a direct appeal from the judgment of conviction, he cannot rely on the 90-day period for seeking certiorari review of a judgment of the court of appeals to extend the date on which his conviction became final").

In Tucker's case, the statute of limitation began to run on July 19, 2005, which was ten business days after judgment was entered. *See* Fed. R. App. P. 4(b); Fed. R. Crim. P. 45.[1]

---

[1]Because the notice of appeal must be filed within 10 days after judgment is entered, and not after service of the judgment, the additional three days for mailing provided by Rule 26(c) of the Federal Rules of Appellate Procedure does not apply to the appeals period. *See, e.g., United States v. Smith*, No. 87-5458, 1987 WL 44633 (6th Cir. September 3, 1987) (unpublished decision); *Smith v. Livesay*, No. 86-5654, 1986 WL 17819 (6th Cir. September 22, 1986) (unpublished decision).

2

Tucker filed his § 2255 motion on July 20, 2006,[2] and thus the § 2255 motion was filed one day late. *See Bronaugh v. Ohio*, 235 F.3d 280, 284-85 (6th Cir. 2000) (the standards for computing periods of time set forth in Rule 6(a) of the Federal Rules of Civil Procedure apply to the statute of limitation in habeas corpus cases); *see also Ross v. Artuz*, 150 F.3d 97, 103 (2nd Cir. 1998) ("When a statute of limitations is measured in years, the last day for instituting the action is the anniversary date of the start of the limitations period."); *Merriweather v. City of Memphis*, 107 F.3d 396, 398 (6th Cir. 1997) (for purposes of calculating a statute of limitation, the one-year period "ends on the same calendar date the following year"). Because the § 2255 motion was filed one day late, it is barred by the statute of limitation. *Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003) ("Absent compelling equitable considerations, a court should not extend limitations by even a single day.") (internal quotations omitted).

It plainly appears from the face of the motion and the prior proceedings in the case that Tucker is not entitled to relief in this court and this action should be summarily

---

[2]The court received the § 2255 motion on July 21, 2006. Attached to the § 2255 motion is a certificate of service, in which Tucker states that he deposited the § 2255 motion in the United States Mail and the U.S. Penitentiary on July 20, 2006, and thus the motion is considered filed as of that date, pursuant to the prison mailroom filing rule of *Houston v. Lack*, 487 U.S. 266, 270-72 (1988). *See Towns v. United States*, 190 F.3d 468 (6th Cir. 1999).

3

Case 3:06-cv-00282   Document 2   Filed 08/09/06   Page 3 of 4   PageID #: 3

dismissed; an evidentiary hearing is not required. Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts; *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986). Accordingly, the motion to vacate, set aside or correct sentence will be **DENIED** as untimely and this action **DISMISSED**.

In addition to the above, this court has carefully reviewed this case pursuant to 28 U.S.C. § 1915(a) and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this court will **DENY** Tucker leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Tucker having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253.

**AN APPROPRIATE ORDER WILL ENTER.**

                                                         s/ Thomas W. Phillips
                                                   United States District Judge